## ALBIN P. HOWE *versus* MARTIN THAYER *et· al.*

Where on two of three partners retires from, or a new partner comes into the firm, or both, and notice thereof is given, but the business continues to be carried on, in other respects, as before, those partners as to whom no notice is given, will be presumed to hold the same relation to the concern afterwards, that they did before.

In an action against several for a partnership debt, if one of the defendants denies that he was a partner, it is incumbent on the plaintiff, in the first instance, to prove such defendant to have been a partner; and if this is done, he will be liable, unless he proves a dissolution of the partnership as it regarded himself, and notice thereof to the plaintiff, before the debt was incurred.

In such action, a witness testified in chief, that he had given notice of the withdrawal of such defendant, and of the general dissolution of the partnership, and that he was "confident that all in the neighbourhood were notified in two days." On his cross-examination, the plaintiff's counsel inquired whether he gave the same notice to the other creditors of the partnership as he had testified that he gave to the plaintiff; and the witness replied affirmatively, and gave the names of several, to whom he had given notice. It was *held,* that it was competent for the plaintiff to call the persons so named, to prove that the witness had not given them any such notice as he had stated ; but that it was not competent for the defendant to call any of the persons named, in order to prove that they had received such a notice from the witness.

ASSUMPSIT against Thayer & Fellows to recover the value of a quantity of provisions furnished to the Mount Pleasant Institution in Amherst, between November 1831, and April 7, 1832. Fellows was defaulted. Thayer pleaded to the action.

At the trial, before *Putnam* J., the plaintiff proved that there had existed a partnership between the defendants and one Colton, as proprietors and conductors of the Institution, commencing in 1827 ; that his account was kept with them under the name of the Mount Pleasant Institution, to a period after April 7, 1832 ; that in October 1829, he made a written contract with them under that name, to supply them with meats ; and that this contract, which expired by its terms in October 1830, was renewed at that time, for another year, by the same agent of the institution and under the same name, as before.

The defendant, Thayer, contended that the partnership was dissolved on June 23, 1830 ; that at the time of such alleged dissolution, Fellows and one Newton formed a co-

partnership ; and that after that, they alone were interested in the concern ; and that he had given notice to the plaintiff of his withdrawal from the firm, and of the dissolution of the old partnership, on the morning after it took place. The witness who testified as to such notice, stated in chief, but not in answer to any question on the part of the defendants, that he was " confident all in the neighbourhood were notified in two days." On the cross-examination of this witness, the plaintiff's counsel inquired whether he gave the same notice to the other creditors of the firm as he had testified that he gave to the plaintiff, and asked their names. To this the witness replied affirmatively, and mentioned the names of some of the persons to whom he had given such notice. The plaintiff thereupon offered several of the creditors named by the witness, to prove that he had not given them any such notice as he had stated. The defendant objected to the admission of this evidence ; but the objection was overruled.

The defendant then offered one of the creditors named by the witness, for the purpose of proving that he had received such a notice from the witness, as the witness had testified. To this the plaintiff objected, and the testimony was excluded.

The defendant further contended, that if the plaintiff knew that Colton had ceased to be a member of the firm, it was in law a notice to the plaintiff of the dissolution of the partnership, as to all its members.

The defendant produced evidence tending to show, that the business of the institution had been conducted prior to June 23, 1830, under various names, viz. " The Mount Pleasant Institution," " The Mount Pleasant Classical Institution," and " Colton & Fellows," and that after that day, it had been conducted under the names of " The Mount Pleasant Institution," and " Newton & Fellows ;" and contended, that if the plaintiff knew that the business had been so carried on, and that the firm had been changed from " Colton & Fellows " to " Newton & Fellows," before his claim accrued, it was equivalent to a notice of the dissolution of the first copartnership.

The jury were instructed, that it was incumbent on the plaintiff to prove, that the defendant was a partner in the establishment at Mount Pleasant, and so liable for the supplies furnished to that institution ; that if that fact were established, then it was for the defendant to prove, that he had withdrawn from the partnership, and had ceased to be thus connected with the institution, and that the plaintiff had notice thereof before the supplies were furnished ; that the change of the style of the firm from " Colton & Fellows " to that of " Newton & Fellows," had no tendency to prove that the defendant ever was a partner, or if he were, that he had ceased to be a partner with them ; that such change of name in itself gave no information to the public concerning the defendant ; but that if the plaintiff knew of the change of the style of the firm, and knew that Newton and Fellows only were answerable after that change, and before he furnished the supplies to the institution, in such case, the defendant would not be answerable to the plaintiff in this action.

The jury found a verdict for the plaintiff. The defendant excepted.

*Forbes* and *Baker*, for the defendant. It is not disputed, that the plaintiff had notice of the withdrawal of Colton from the partnership. Now we contend, that this was a notice of the dissolution of the firm, as respects all the partners ; for where a person receives notice of a fact, he has notice of all the legal consequences of such fact. By the withdrawal of one partner, the identity of the partnership is destroyed ; and although the others continue to carry on the business, it is by virtue of a new contract, express or implied. The plaintiff therefore had notice, that Thayer had ceased to be a partner in 1830.

The change of the style of the firm from " Colton & Fellows " to " Newton & Fellows," was a sufficient notice of a change in the firm, to put the plaintiff on his guard ; and if he doubted the responsibility of the new firm unless Thayer was liable for their contracts, he should have inquired, whether Thayer continued to be a member. 3 Stark. on Evid. 1080 ; *Barfoot* v. *Goodall*, 3 Campb. 147.

Howe
*v.*
Thayer.

*Sept.* 21

It was not competent for the plaintiff to introduce other creditors to contradict the defendant's witness as to the notice given by the witness to any other persons than the plaintiff himself. It could make no difference, in the present case, whether other creditors had or had not notice that Thayer had ceased to be a partner. The testimony went merely to prove a fact collateral and irrelevant to the issue. The answers of the witness upon cross-examination as to such collateral matter, were conclusive. 1 Stark. on Evid. 134 ; *Spenceley* v. *De Willott*, 7 East, 108 ; *Harris* v. *Tippett*, 2 Campb. 637 ; *Rex* v. *Watson*, 2 Stark. R. 149 ; 3 Stark. on Evid. 1739, cites *Odiorne* v. *Winkley*, 2 Gallison, 51, and *The State* v. *Alexander*, 4 South Carolina Const. R. 171.

But if such witnesses were rightly admitted, the testimony subsequently offered by the defendant for the purpose of sustaining the credit of his witness, should have been admitted. The whole transaction should have been laid before the jury. Suppose, that of fifty creditors, one had testified, that he did not remember receiving notice, it would be hard to restrain the defendant from calling the other forty nine, to show that they had all received notice.

*I. C. Bates, Dewey* and *E. Dickinson*, for the plaintiff, to the point, that if one of three partners retires from the firm and gives notice thereof, but the business is carried on as before, this does not operate as a dissolution of the partnership between the two remaining members of the firm, cited Montague on Partn. 180 ; to the point that, where it is doubtful whether legal notice has been given of the dissolution of a partnership, such doubt should operate against the person upon whom it was incumbent to give explicit notice, *Cleveland* v. *Clap*, 5 Mass. R. 201 ; *Sebor* v. *Armstrong*, 4 Mass. R. 206 ; 2 Stark on Evid. 1078 ; to the point, that under the circumstances, it was competent for the plaintiff to introduce witnesses to prove that they had not received from the defendant's witness such a notice as he had stated that he gave to them, *Rice* v. *New Engl. Mar. Ins. Co.* 4 Pick. 439 *Atwood* v. *Welton*, 7 Connect. R. 66 ; and to the point, that the testimony offered by the defendant to confirm such wit

ness was inadmissible, but that its admission or exclusion was immaterial to him as the presumption of law was in his favor without such testimony, *Ware* v. *Ware*, 8 Greenl. 42 ; 1 Stark. on Evid. 147.

SHAW C. J. drew up the opinion of the Court. The object of this action is to charge the defendants jointly as partners, for provisions furnished to the Mount Pleasant Institution. The defendant, Fellows, has admitted his liability, by a default ; the defendant, Thayer, denies his liability as a partner, and has pleaded to the action.

It is obvious, that the name or style of this partnership, The Mount Pleasant Institution, had no tendency to inform the community who the persons were who composed the firm ; and when the name of Colton & Fellows was occasionally used without the addition, " Co." or other indication that another was concerned, it had no tendency to disclose the fact, that the defendant, Thayer, was a partner. So the occasional use of the style, " Newton & Fellows," afterwards, had no tendency to give notice to the community, that the defendant, Thayer, had withdrawn or changed his relation from what it had been before, with the concern The continued use of the more general designation, " The Mount Pleasant Institution," indicated the continuance and identity of the partnership.

The Court are of opinion, that the directions of the judge to the jury upon the effect of the evidence offered, was correct. When a business is carried on by three or more as partners, and one withdraws, or one is added, or both, and notice thereof given, and the business is carried on as before, those, as to whom no notice is given, must be presumed to hold the same relation to the concern that they did before, and such change furnishes no presumption that the others have ceased to be partners. If the plaintiff knew that Colton had withdrawn and ceased to be a partner, it was not in law a notice to the plaintiff of the dissolution of the partnership, as to all its members, to the effect contended for, and to the purpose for which that proposition was advanced, namely, to exempt the other members from liability for after-made contracts ; or, if it was in a certain sense, evidence

Howe
v.
Thayer.

and notice of the dissolution of the same identical partnership that existed before, it was at the same time evidence and notice of the formation of a new partnership among all the remaining members of the firm, to carry on the same business, holding the same relation to its customers and the public, with the single exception implied by the fact, that the retiring partner will no longer be liable for new contracts, and that the acceding partner will thenceforward become liable.

The Court are also of opinion, that the direction in regard to the burden of proof was right, which was, that it was incumbent on the plaintiff in the first instance to prove the defendant, Thayer, a partner, and if this were done, he would be liable, unless he could prove a dissolution, as it regarded himself, and notice of it to the plaintiff, before the supplies ; that the withdrawal of one partner, other than the defendant Thayer, and the accession of another, the business in other respects going on as before, was not evidence from which a jury should infer a dissolution, in respect to the defendant, Thayer ; but if he knew that by the new arrangement, Newton and Fellows alone were to compose the partnership, and be responsible, before he furnished the supplies, the defendant, Thayer, would not be responsible. This instruction was correct, and properly adapted to the state of the evidence.

In respect to the admission of the evidence, that the witness had given a different notice to the other creditors, from that which he stated that he had given to the plaintiff, we are of opinion, that it was rightly admitted. This was not contrary to the well-known rule, that a witness interrogated on cross-examination to an immaterial and collateral fact, with a view to try the accuracy of his recollection, or to test his correctness in any respect, cannot afterwards be impeached by calling witnesses to contradict him in respect to such fact. The purpose of the evidence was not to contradict the witness. It was material to the issue, not only to show that the witness had given some notice, but the form, substance, and particulars of that notice. It was offered as proof of notice to the plaintiff as a creditor, of the general dissolution of the copartnership carrying on the business of the Mount Pleasant Classi

cal Institution. The plaintiff denied this, and insisted that it was a notice of a different character. The witness stated that he gave notice to all the creditors and customers of the institution at the same time. We think the effect of his testimony was, that he gave to them all, the notice of a general dissolution of the partnership, and that the defendant Thayer had ceased to be concerned. It is then manifest, that he intended to give the same notice to all standing in the same relation, and the natural inference would be that he did so. When therefore it was offered to show, that he gave a different notice in form, substance and effect, to others standing in the same relation, it is not merely to show that the witness is not to be believed, because he has made different statements at different times, indicating a want of recollection or integrity, but it is a fact bearing upon the issue, namely, what was the form and substance of the notice which he in fact gave to the plaintiff. Like all inferences from circumstances, it is founded on experience. A man goes forth to a class of persons, standing in the same relation, to give them a notice affecting their interests alike. If there are ten, and he gives a particular notice to nine, it leads to a probable inference that he gave a like notice to the tenth, where he states that he intended to make no distinction, and believes that he notified all alike. Its tendency is not, therefore, merely to bear upon the credit of the witness, but upon a material fact involved in the issue, to be proved either by the testimony of that witness, or by any other evidence, positive or circumstantial, which is competent and relevant. The evidence being admitted for a proper purpose, it is certainly no objection to it, that it has a tendency to impeach an adversary's witness by contradicting him.

Another exception is, that the defendant offered one of the creditors named by the witness, to support the witness, by proving that the creditor had notice from the witness, as the witness had testified, and this evidence, being objected to, was rejected. It appears that the sole purpose for which this evidence was offered, was to support the party's own witness in point of credibility, and was rightly rejected. It could have no tendency to sustain the credit of a witness,

to prove by other evidence a fact stated by him, in regard to which there was no contradiction. The ground upon which the rejection was put, namely, that in respect to this the witness needed no corroboration, gave the defendant all the benefit of the legal presumption.

*Judgment on the verdict.*